Van Brunt, J.
The question involved in this case arises, from the construction of some of the provisions of the will of George R. Platt, deceased, for his daughter the appellant, Maria-W. Withington.
The provisions of the will bearing upon this question are as follows:
*37 Fifth. “I give, devise and bequeath to my daughter, Maria R. Withington, and to her heirs and assigns forever, all those certain lots of land, with the appurtenances thereunto belonging, situate in the twentieth ward of the city of New York, on the southerly side of West Thirty-ninth street, commencing at a point distant one hundred and twenty-five feet westerly from Sixth avenue, and known by the ward numbers four thousand nine hundred and eighty-nine (4,989) and four thousand nine hundred and ninety (4,990), but should I not die possessed of said last mentioned property, or should the property be the subject of litigation at the time of my death, then I give, devise and bequeath to my said daughter Maria, and to her heirs and assigns forever instead thereof and not otherwise, afi that tract or parcel of land, or all those tracts or parcels of land belonging to me, together with the appurtenances, situate in Potter county, in the state of Pennsylvania, containing between four and five thousand acres of land.”
“I also give, devise and bequeath to my said daughter Maria, and to her heirs and assigns forever, all that certain farm or parcel-of land, with the appurtenances thereunto belonging, situate in the town of Sterling, Cayuga county, New York, known as the ‘Patty farm,’ containing sixty and eighty-nine one-hundredths (60 89-100) acres of land, more or less, but should I not die possessed of said last mentioned property, or should the said property be the subject of litigation at the time of my death, then I give, devise and bequeath to my said daughter Maria, and to her heirs and assigns forever, instead thereof and not otherwise, all the land and real estate belonging to me, with the appurtenances, situate in Essex county, of the state of Vermont, consisting of two thousand acres.”
This will is dated 24th of February, 1874, and a codicil thereto was made on the 11th of March, 1875. George W. Platt, the testator, died ón the 3d of April, 1881.
In reference to this property in Thirty-ninth street, it appears that at the time of making the will there was an ejectment suit pending, brought by one Martha B. Carnes against the said George W. Platt, which action appears to have terminated in favor of Platt in December, 1876.
It further appears that although the title of this property was in the name of George W. Platt, the same had been taken for a debt due to the firm of which he was a member, and that he was in fact only the owner of one undivided half interest in the entire-property.
The provision of the will which has been referred to is: “I give, devise and bequeath to my daughter, Maria R. Withington, and to her heirs and assigns forever, all those \ ¡¡certain lots, etc.” “but should I not die possessed of said *38 last mentioned property, or should the property be the subject of litigation at the time of my death, then I give, devise and bequeath,” certain other property mentioned in the said will.
It is very clear that if the other property mentioned in the will had been more valuable than the two lots on Thirty-ninth street, the claim would have been made that George W. Platt did not die possessed of said last mentioned property because he was only the owner of an undivided half interest therein. And such would seem to be the fact, he holding only a half interest therein could not be said to be owner thereof, because the words “possessed of” in the clause quoted, necessarily imply possessed of as owner and do not simply refer to manual possession.
In view of this consideration it does not seem to be at all necessary to determine the question whether the property was, at the time of the testator’s death, the subject of litigation ,or not, in the case of Platt v. Platt.
It is true that the testator’s intention is to be arrived at in the construction of a will. It is also true that the circumstances surrounding the testator maybe considered in arriving at that intention, and that there are some of the acts of the testator which seem to militate against the construction which has been above referred to. He has disposed of all the other property referred to in the clause of the will mentioned, and thereby the devisee in that clause has been deprived of all benefit thereunder, and does not share in the estate of her father as well as the other devisees.
But this circumstance cannot justify a construction of the language used which is entirely at war with its ordinary meaning, and which evidently was not the understanding of the testator iri its use.
At the time of the making of this devise the title to this property stood .in the name of George W. Platt, and the action of Platt v. Platt, was then pending, but in that litigation no particular mention was made of this property as far as can be ascertained, until the time of the accounting ordered in that action, when George W. Platt presented this property as one of the assets of the firm.
It is true that after the termination of the litigation in the case of Carnes v. Platt, and also after the giving in of this property as an asset in the case of Platt v. Platt. George W. Platt had ample opportunity to make changes in his will in order to meet the changed circumstances which seem to have arisen and neglected so to do. Yet from this fact alone we cannot infer anything, as men often put off the making of will or changes therein which the change of circumstances has rendered absolutely necessary in order to conform to their judgments.
The conclusion is, therefore necessarily forced upon us that George W. Platt, not being the owner or possessed of this property in Thirty-ninth street, at the time of his death, *39 the provision of the will relating to such property failed, and the judgment of the court below is correct.
The judgment should be affirmed with costs.
Daniels and Brady, JJ., concur.